INHABITANTS OF SACO *versus* NATHAN HOPKINTON *&* al.

Under the R. S. c. 114, § 33, a levy of real estate, made upon a judgment in a suit, wherein the declaration contained only a common money count and a count upon an account annexed, which account merely charged, balance due on an account and interest, is invalid as against a prior conveyance, although the party claiming under the levy offered to prove that the said conveyance was fraudulent and void.

Neither is the levy aided by a paper, in the form of a bill of particulars, not attached to the writ, though placed and continued within its folds. — Per WELLS, J.

Such an infolding of the paper is not an " annexation" within the statute, which authorizes a specification to be annexed. — Per WELLS, J.

The title of a purchaser will not be affected by proof that he knew of. a prior attachment, if that attachment be made invalid by the statute. — Per WELLS, J.

WRIT OF ENTRY. The trial was before WHITMAN, C. J. The parties submitted the case to the decision of the Court.

The land belonged formerly to Samuel Woodsum.

The defendants claim under a deed from him made in 1833.

The demandants claim under a levy made upon the land in 1845, as the property of said Samuel Woodsum, and they contend that the *conveyance* was fraudulent and void.

The defendants then objected that the *levy* under which the plaintiffs claim was void. The objection is founded on a provision of the R. S. c. 114, § 33, which enacts, that no such attachment shall be valid, unless the plaintiff's demand and the nature and amount thereof are substantially set forth in proper counts, or a specification of it shall be annexed to the writ.

The writ in that action contained two counts, one upon an account annexed for $1500, the other for $1500, money lent and accommodated ; had and received ; and paid, laid out and expended. The account annexed was for " balance due on account and interest, $1500, April 1, 1841.

|  | |
|---|---|
| " Debt, | $593,00 |
| " Interest from date of writ, | 95,96 |
|  | $688,96" |

A paper was found within the folds of the writ, of which the following is a copy. At the trial it was called paper A.

Samuel Woodsum's Estate to Joseph Woodsum        Dr.

|  |  |  |
|---|---|---|
|  | To cash, to pay Doctor Allen, | $75,00 |
| July 20th, 1826. | To cash, one dollar, | 1,00 |
| November 15th, | To fifty dollars paid John Woodsum, | 50,00 |
| "       29th, | To one hhd. Rum, | 92,00 |
| October 7, 1826, | To cash paid for Moses Woodsum, | 375,00 |
|  |  | 593,00 |
|  | Interest on the above 16 years, | 600,00 |
| Feb. 14, 1843. |  | $1193,00 |

*J. Shepley*, for plaintiffs.

The statute, on which the defendant relies, is in derogation of the common law. An attachment of personal estate, under a common count, would be valid. There is no principle, why it should not equally be so as to real estate. The statute is loosely worded. It needs construction. It seems to re-

quire more than one count in a declaration. But in this case, it was complied with. It requires one or the other of two things; one is, that *plaintiff's demand and the nature and amount of it be set forth in proper counts.* No one will deny that the counts are in proper form; and it is equally true that they exhibit the demand, and its nature and amount. The *nature* of the demand probably intends the form of action, as assumpsit, trover, debt or replevin, &c. The count is in assumpsit on a promise to pay, and to pay what was due on an account, which was annexed. The declaration, " *in proper counts,*" sets forth the amount claimed. True, it was greater than the sum recovered. But who could foresee what sum a jury might allow ?

The other alternative is, that " *a specification of the demand shall be annexed to the writ.*" The declaration seems to be dispensed with. But there was a specification. It was, and still continues to be annexed. And it was a sufficient specification. It showed the sort of claim sued, and its amount. If more be required, at what point, in the particularization, can the stop be made ? The crockery-ware dealer may insert the number of plates and dishes which he gave credit for, must he describe their different sizes ; and afterwards be required to specify their colors and the figures painted thereon ? But, further, we contend, that the second count with the paper A was a sufficient compliance with the statute. That paper is a specification; it is a bill of particulars. It was part of the writ. Wafering or the tying with a string is one way of annexing. Equally so, (and such has been the practice as to amendments made,) is the filing of the document in the folds of the writ. It gave equal information as if stuck on with a wafer. It is not seen that wafering is demanded by the statute.

WELLS, J. — The demandants claim under a deed from Joseph Woodsum, who attached the demanded premises on the fourteenth day of February, 1843, as the property of Samuel Woodsum, under the administration of Jeremiah Gordon, and having obtained judgment in his suit, in which the attachment

was made, caused his execution to be levied on the premises, on the twenty-fourth of November, 1845.

Samuel Woodsum conveyed the same premises to John and Jabez Woodsum, on the nineteenth of March, 1833, and the deed of conveyance was recorded on the nineteenth of April of the same year. John subsequently obtained the title of Jabez Woodsum.

John Woodsum conveyed the premises to Edmund P. Dennett on the tenth of September, 1845, Edmund P. to Daniel Dennett, on the third of September, 1846, and the latter to the tenants and Orrin Dennett on the twenty-first of January, 1847.

It is contended that the deed from Samuel to John and Jabez Woodsum, was fraudulent and void against Joseph Woodsum a prior creditor of Samuel, and that the attachment in Joseph's suit, having been made before the deed to Edmund P. Dennett, the demandants are entitled to recover.

By the Revised Statutes, c. 114, § 33, "No such attachment, though made and notice thereof given as directed in the preceding section, shall be valid, unless the plaintiff's demand, on which he founds his action, and the nature and amount thereof are substantially set forth in proper counts, or a specification of such claim shall be annexed to such writ." This section is a revision of the fourth section of the act of March 23, 1838, c. 344.

The intention of the statute must have been to require an attaching creditor to furnish such information by his writ to subsequent attaching creditors and purchasers, as would enable them to know what his demand was, and that it should be so specific as to prevent any other demand from being substituted in the place of that sued. Where the demand is not exhibited by the counts in the writ, it must be made to appear by a specification of it, annexed to the writ. Information more certain and definite was required to be given, than could be obtained from the general counts.

Joseph Woodsum's writ against Samuel Woodsum contained two counts. The first was *indebitatus assumpsit* according to the account annexed. The second was for money lent and accommodated, had and received, and laid out and expended.

The account annexed to the writ was in the following words.

"Samuel Woodsum to Joseph Woodsum,          Dʀ.
To balance due on account, and interest,          $1500
    "April 1, 1841."

Neither of the counts, nor the account annexed, furnish the necessary information, such as the statute requires. They are too general. No one could ascertain from the writ what the claim in reality was, except it was a "balance due on account and interest." It does not disclose the nature of the transactions between the parties, nor whether the account was for money, labor, or goods sold. And it could not be known whether the account, upon which the judgment was rendered, was the same as that for which the suit was brought.

It appears by the testimony, that paper marked *A*, containing four charges for money and one for a hogshead of rum, amounting to $593,00, was put into the writ when it was made, but was not annexed to it, and remained in the writ at the time when the judgment was rendered.

If this paper should be considered a sufficient specification of what the plaintiff in that suit claimed, still there is a failure to comply with the statute, for it was not annexed to the writ.

The laying a loose paper within the folds of a writ does not make it any part of the writ, nor can it be said with any propriety of language to be annexed to the writ. The removal of such paper by the plaintiff would not be a mutilation of his writ, nor render him amenable to any one.

The statute intended, that the exposition of the claim should be so annexed to the writ, that it could not, after the service, be lawfully removed.

It is stated in argument, that the conveyance to Edmund P. Dennett was not made in good faith, and that the attachment would be valid against him, and that Daniel Dennett and the tenants, having acquired their title after the levy, had by the record, constructive knowledge of it.

But there is no satisfactory evidence in the case, nor any offered to be shown, that Edmund P. Dennett was not an hon-

est purchaser for a valuable consideration.   It does not appear that any such suggestion was made at the trial.

And if he had been informed before he purchased that the premises had been attached in the suit of Joseph Woodsum, a notice of an attachment not valid by the statute, could not affect his title.

It is not necessary to examine the other questions raised in the case.

According to the agreement of the parties, the demandants must become nonsuit.

NOTE. — HOWARD, J. had been consulted in this case, and therefore took no part in its decision.